UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ACOSTA, | Case No. 1:25-cv-00105-BAM |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |
| v. | |
| SUPER SAVE & LA MICHUACANA MARKETS, INC. dba SUPER SAVE MARKET, *et al.*, | FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND MOTION FOR ATTORNEYS' FEES |
| Defendants. | (Doc. 17) |

Currently before the Court is Plaintiff Jose Acosta's motion to enforce the terms of a settlement agreement and to enter judgment against Defendants Super Save & La Michuacana Markets, Inc. dba Super Save Market; Mohammed Jaber dba Super Save Market; Abdel Jaber, Trustee of the Abdel Jaber and Sultana Jaber Living Trust d/d/t dated June 27, 2017; and Sultana Jaber, Trustee of the Abdel Jaber and Sultan Jaber Living Trust u/d/t dated June 27, 20217 (collectively "Defendants"). Plaintiff also seeks attorneys' fees pursuant to the settlement. (Doc. 17.) Defendants are in default, and did not oppose the motion or request for attorneys' fees. Following a preliminary review of the motion, the Court ordered Plaintiff to file supplemental briefing and vacated the motion hearing. (Doc. 18.) Plaintiff filed a supplemental brief on July 31, 2025. (Doc. 19.) The motion is deemed submitted on the papers. L.R. 230(g).

For the reasons that follow, the Court will recommend that Plaintiff's motion to enforce

1

1  settlement agreement and request for attorneys' fees be denied without prejudice.

2  **BACKGROUND**

3  Plaintiff, who alleges he is disabled, asserts that Defendants violated the Americans with Disabilities Act and state law for the failure to remove barriers to access at the Super Save Market located in Reedley, California.  He initiated this action on January 24, 2025. (Doc. 1.)

On March 7, 2025, the Clerk of the Court entered default against Defendants Super Save & La Michuacana Markets, Inc., Mohammed Jaber, Abdel Jabel, and Sultana Jaber.  (Docs. 10, 11, 12, 13.)

On April 22, 2025, Plaintiff filed a notice of settlement, indicating that the parties in the action had reached a full and complete settlement of Plaintiff's claims.  (Doc. 14.)

Following the notice of settlement, the Court directed Plaintiff, pursuant to Local Rule 160, to file appropriate papers to dismiss or conclude this action no later than May 13, 2025. (Doc. 15.)  On May 23, 2025, after the parties failed to file dismissal papers or update the Court regarding settlement, the Court ordered Plaintiff to file appropriate papers to dismiss this action on or before June 6, 2025.  (Doc. 16.)

On June 6, 2025, Plaintiff filed the instant motion to enforce settlement agreement and request for attorneys' fees.  (Doc. 17.)  According to Plaintiff, the parties executed a settlement agreement that fully resolved this matter on April 22, 2025.  (Doc. 17-2, Declaration of Tanya E. Moore ("Moore Decl.") ¶ 2.)  The parties agreed that Defendants would remediate the barriers to Plaintiff's access that he had personally encountered as set forth in the agreement.  (*Id.* ¶ 3.) Pursuant to the settlement agreement, Defendants also were to pay Plaintiff $7,000.00, representing statutory damages, attorneys' fees, and costs.  (*Id.* ¶ 4; Ex. A, Settlement Agreement ¶ 2.1.)  Defendants did not sign and return the settlement agreement until after the payment due date stated in the agreement.  The agreement provided that payment was to be made via wire transfer by April 15, 2025, with a late fee of $50.00 to be applied if payment was over five days late.  (Moore Decl. ¶ 4, Ex. A ¶ 2.1).  On April 22, 2025, Defendant Abdel Jaber provided Defendants' signatures on the settlement agreement and advised in writing that the payment would be made by April 29, 2025, after receipt of "dismissal paperwork."  (Moore Decl. ¶ 5, Ex.

2

1  B.) Plaintiff's counsel's office responded that the matter would be dismissed once payment was
2  received, as set forth in the agreement, reminded Mr. Jaber that Plaintiff's signature had
3  previously been provided, and sent Mr. Jaber a copy of the fully signed agreement. (*Id.*) As of
4  the date of the motion, despite multiple follow-up communications, Plaintiff has not received
5  payment, or any explanation as to why payment has not been made. (Moore Decl. ¶ 6.)

6  On July 10, 2025, following a preliminary review of the motion, the Court ordered
7  Plaintiff to submit supplemental briefing. (Doc. 18.) Specifically, because Defendants were in
8  default and had not yet appeared in the action, the Court directed Plaintiff to identify legal
9  authorities that demonstrate it is proper for the Court to enforce a settlement agreement. The
10 Court noted that the settlement agreement attached to the motion did not demonstrate that
11 Defendants had agreed to Court enforcement of the agreement without their general appearance.
12 (*See* Doc. 18, citing Doc. 17-3, Ex. A.)

13 On July 31, 2025, Plaintiff filed a supplemental brief in support of the motion, arguing
14 that the Court has authority to enforce a settlement agreement in a pending action, enforcement is
15 appropriate even though Defendants are in default, and settlements are enforceable regardless of
16 the parties' litigation posture. (Doc. 19.) To date, Defendants have not responded to the
17 complaint or Plaintiff's motion, nor have they appeared in this action.

18 **B.    Legal Standard**

19 Under federal law, "the trial court has power to summarily enforce on motion a settlement
20 agreement entered into by the litigants while the litigation is pending before it." *In re City*
21 *Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994) (quotation omitted). "Whether to
22 enforce a settlement agreement is a matter committed to the Court's discretion." *Brooke v. Capri*
23 *Motel, LLC*, No. 1:18-cv-0062-LJO-JLT, 2018 WL 3062188, at *2 (E.D. Cal. June 19, 2018)
24 (citations omitted).

25 **C.    Discussion**

26 Plaintiff moves to enforce the settlement agreement, and seeks entry of judgment against
27 Defendants, jointly and severally, for $7,050.00 (the settlement amount plus $50.00 late fee), plus
28 reasonable attorneys' fees. (Doc. 17-1.) Plaintiff contends that the district court has the inherent

3

1  power to enforce a settlement agreement with respect to an action before it, and that once the

2  Court grants the motion, it is proper to enter judgment against the breaching party. (*Id.*)

3  As discussed, the settlement agreement does not demonstrate that Defendants agreed to

4  court enforcement in this action absent their appearance. The Court also ordered Plaintiff to

5  identify legal authorities that demonstrate it is proper for the Court to enforce a settlement

6  agreement in light of the posture of this action, namely that Defendants were in default and had

7  not yet appeared in the action. (ECF No. 18.)

8  In response, Plaintiff asserts that the fact that Defendants are in default does not divest the

9  Court of its inherent authority to enforce a settlement agreement voluntarily entered by the

10 parties. (Doc. 19 at 2.) To support this contention, Plaintiff cites a single case from the Eastern

11 District of California, *Escobedo v. Solano*, No. 1:24-cv-00373 KES SKO, 2025 WL 407324, at *2

12 (E.D. Cal. Jan. 8, 2025), *report and recommendation adopted*, No. 1:24-cv-00373-KES-SKO,

13 2025 WL 1411890 (E.D. Cal. May 15, 2025). Plaintiff contends that the court in *Escobedo*

14 enforced a settlement agreement under materially similar circumstances—where the defendants

15 had been defaulted but the action had not been dismissed. (Doc. 19 at 2.) According to the

16 docket in *Escobedo*, and as Plaintiff correctly notes, defendants in that action were in default.[1]

17 However, the court in *Escobedo* made no specific finding regarding its authority to enforce a

18 settlement agreement against a defendant who is in default and has not appeared in an action.

19 Indeed, a careful reading of the findings and recommendations in *Escobedo*, 2025 WL 407324,

20 and the order adopting the findings and recommendations, 2025 WL 1411890, reveal no mention,

21 let alone discussion, of any defendant's default or non-appearance in the action. Plaintiff

22 contends that this Court retains full jurisdiction to enforce the settlement agreement because the

23 action remains pending before it. However, Plaintiff has identified no other authority to support

24 its assertion that it is appropriate for the Court to enforce a settlement agreement even though

25 defendants are in default and have not appeared in the action. Plaintiff cites *Hennessy v. Bacon*,

26 137 U.S. 78 (1890), for the proposition that federal courts "have long held that a good faith

---

[1] The Court may take judicial notice of its own records in other cases. *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

4

settlement agreement, fairly reached, is to be enforced regardless of what might have occurred had the litigation proceeded." (Doc. 19 at 3.) *Hennessy* is not applicable as it did not involve the circumstances presented here--where a party moves to enforce a settlement agreement in an action involving defaulted defendants who have not appeared. Accordingly, the Court will recommend that Plaintiff's motion to enforce the settlement agreement and related request for attorneys' fees be denied without prejudice. *See Brooke*, 2018 WL 3062188, at *3 (denying motion to enforce settlement agreement without prejudice where defendant had not yet appeared in action). Plaintiff will not be without recourse, as Plaintiff may seek default judgment pursuant to Federal Rule of Civil Procedure 55.

### III.     Conclusion and Recommendation

Based on the above, the Clerk of the Court is directed to randomly assign a district judge to this action. Furthermore, IT IS HEREBY RECOMMENDED that Plaintiff's motion to enforce settlement agreement and for attorneys' fees, (Doc. 17), be DENIED without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 16, 2025**            /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE

5