UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ACOSTA,<br><br>            Plaintiff,<br><br>    v.<br><br>SUPER SAVE & LA MICHUACANA MARKETS, INC. dba SUPER SAVE MARKET, *et al.*,<br><br>            Defendants. | Case No.  1:25-cv-00105-JLT-BAM<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR FAILURE TO OBEY COURT ORDER AND FOR FAILURE TO PROSECUTE<br><br>(Doc. 24)<br><br>**FOURTEEN-DAY DEADLINE** |

### I.    Background

Plaintiff Jose Acosta, who alleges he is disabled, asserts violation of the Americans with Disabilities Act and state law for the failure to remove barriers to access at the Super Save Market located in Reedley, California.  The Clerk of the Court entered default against defendants Super Save & La Michuacana Markets, Inc., Mohammed Jaber, Abdel Jaber, and Sultana Jaber on March 7, 2025.  (Docs. 10-13.)  Plaintiff filed a notice of settlement on April 22, 2025.  (Doc. 14.)  Thereafter, on June 6, 2025, Plaintiff filed a motion to enforce the settlement agreement, along with a request for attorneys' fees.  (Doc. 17.)

On November 10, 2025, the Court denied Plaintiff's motion to enforce the settlement agreement and request for attorneys' fees without prejudice.  (Doc. 23.)  On November 20, 2025, the Court directed Plaintiff to file a motion for default judgment or other appropriate papers to resolve this action within thirty (30) days.  (Doc. 24.)  The Court warned Plaintiff that the failure to comply with the order may result in dismissal of the action for failure to prosecute and for failure to obey a court order.  (Doc. 24.)  Plaintiff did not file a motion for default judgment or otherwise respond to the Court's order, and the time in which to do so has expired.

///

## II. Failure to Prosecute and Failure to Obey a Court Order

### A. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See*, *e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B. Discussion

Here, Plaintiff has failed to file a motion for default judgment or other papers to resolve this action. He has failed to comply the with the Court's order and has otherwise failed to communicate with the Court. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case, nor can the Court allow the case to remain idle on the docket awaiting Plaintiff's compliance. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against

dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's order issued on November 20, 2025, warned Plaintiff that the failure to comply with the Court's order may result in dismissal of this action. (Doc. 24.) Thus, Plaintiff had adequate warning that dismissal could result from noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. The preclusion of evidence or witnesses or monetary sanctions are likely to have no effect given that Plaintiff has ceased litigating this case and defendants are in default.

### III.     Conclusion and Recommendation

Having considered the relevant factors, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, without prejudice, for failure to obey a court order and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** Plaintiff is advised that failure to file objections within the specified time may result

in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**December 29, 2025**__        /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE